Filed 2/19/14  P. v. Cook CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064535 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD197114) |
| DONALD LEE COOK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In 2006 Donald Lee Cook entered a negotiated guilty plea to residential burglary (Pen. Code, §§ 459/460)[1] and admitted three prior strike convictions (§§ 667, subds. (b)-

---

1       All statutory references are to the Penal Code.

(i), 1170.12), one prior serious felony conviction (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)) and serving five prior prison terms (§§ 667.5, subd. (b), 668).  The court struck two of the prior strike convictions and sentenced appellant to 18 years in prison.

In August 2013, appellant filed a motion requesting the court recall the previously imposed sentence pursuant to section 1170, subdivision (d) and modify his sentence in accord with section 1170.126, a statute which became effective on November 7, 2012, following the passage of Proposition 36.  The court denied the motion, finding the request to recall the sentence was untimely and appellant was not eligible for sentencing modification because his commitment offense (residential burglary) was a serious felony per section 1192.7, subdivision (c)(18).[2]

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to two possible by not arguable issues: whether the court erred in (1) finding appellant is not eligible for resentencing pursuant to

---

[2]     This appeal arises from the court's denial of the sentence modification motion and does not challenge the facts of the underlying burglary.  It appears the appellant entered a residential dwelling while the residents were not at home and stole a small amount of personal property that was later recovered.

2

section 1170.126; and (2) ruling the court did not have jurisdiction to modify appellant's sentence pursuant to section 1170, subdivision (d).

We granted defendant permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel, has disclosed no reasonably arguable appellate issues. Competent counsel has represented Cook on this appeal.

## DISPOSITION

The judgment is affirmed.

HALLER, Acting P. J.

WE CONCUR:

BENKE, Acting P.J.

HUFFMAN, J.

3